IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT WILLIAMS,

      Plaintiff,

v.                                       No. CIV 14-0867 JH/KBM

SECRETARY GREGG MARCANTEL,
SUPERVISOR JERRY ROARK,
WARDEN GERMAN FRANCO,
GARY MACIEL, VINCE VIGIL,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint,

1

the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff was transferred from the State of Maryland to the New Mexico Corrections Department.   New Mexico prison officials placed him in security level 5 classification ("lock-up unit").   On his first night, Plaintiff suffered a medical emergency, and, because he could not get up off the floor, an officer "gassed" him.   He was then taken to the medical station and kept at level 6 for two days.   Afterwards, he was placed in security level 5 for approximately 62 days. He was then given a classification hearing and placed in security level 4.   He claims that he was denied due process in these placements and should have been placed in level 2 or 3.   Plaintiff alleges that level 5 restrictions consisted of confinement to his cell for 21-22 hours per day and unavailability of jobs to help him accrue good time credit.   He also contends that his original placement in level 6 and being "gassed" instead of receiving medical treatment violated his Eighth Amendment rights.   The complaint seeks damages and certain equitable relief.

On the issue of unlawful classification, an inmate has no inherent, constitutionally protected right to a particular classification.  *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994).   Plaintiff therefore has no automatic Due Process right to a classification hearing prior to a change in his security status.   *See, e.g., Frazier v. DuBois*, 922 F.2d 560, 561 (10th Cir. 1990). This rule applies to an inmate's security status within a particular prison, as well as to transfers between prisons.  *See Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n. 3 (10th Cir. 1992).   Thus, classifications as to security status or segregation do not automatically trigger due process safeguards.  *See, e.g., Bailey v. Shillinger*, 828 F.2d 651, 652 (10th Cir. 1987); *but see Muniz v. Moore*, 375 F. App'x 841, 844 (10th Cir. 2010) ("[t]he Supreme Court recently recognized a due process liberty interest at stake when a prisoner's reclassification imposed an

'atypical and significant hardship.' ") (citing *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005)); *and see Duffy v. Uphoff*, No. 96-8017, 1997 WL 82482, at **2 (10th Cir. 1997) (noting that Due Process may protect inmate from arbitrary changes in classification that are outrageous or shock the conscience).

Here, Plaintiff alleges that New Mexico officials raised his classification level "with no show cause" based on "false information, lies, and made up stuff," and without "proper hearings." Including the two days when he was placed in level 6, he was classified no lower than level 5 for approximately sixty-two days. As noted above, these allegations do not implicate a liberty interest and thus Defendants did not infringe Plaintiff's Due Process rights. *See Templeman v. Gunter*, 16 F.3d at 369. In particular, the alleged heightened restrictions did not "impose[] an 'atypical and significant hardship,' " *see Muniz v. Moore*, 375 F. App'x at 844, or amount to outrageous arbitrary changes in classification, *see Duffy v. Uphoff*, 1997 WL 82482, at **2; *see also Amin v. Voigtsberger*, 560 F. App'x 780, 785 (10th Cir. 2014) (noting that limited duration of restrictive conditions "weighs against finding a liberty interest"). The Court will dismiss Plaintiff's Due Process claims.

Plaintiff also asserts that Defendants violated his rights under the Eighth Amendment. As the Court of Appeals for the Tenth Circuit has stated, "[I]n spite of limitations on claims under the Due Process Clause, prisoners may still challenge the conditions of confinement under the First and Eighth Amendments." *Hill v. Colo. Dep't of Corr.*, No. 95-1220, 1995 WL 758925, at *3 (10th Cir. Dec. 26, 1995) (citing *Sandin v. Conner*, 515 U.S. 472, 487 n. 11 (1995)).

> In a recent decision, we analyzed "four potentially relevant, nondispositive factors" to determine whether certain conditions of confinement impose an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." In particular, we noted that
> relevant factors might include whether (1) the segregation relates to and

> furthers a legitimate penological interest, such as safety or rehabilitation; (2) the conditions of placement are extreme; (3) the placement increases the duration of confinement . . . ; and (4) the placement is indeterminate . . . .
>
> While these factors do not "serve as a constitutional touchstone," they do facilitate "a fact-driven assessment that accounts for the totality of conditions presented by a given inmate's sentence and confinement."

*Stallings v. Werholtz*, 492 F. App'x 841, 844 (10th Cir. 2012) (quoting *Rezaq v. Nalley*, 677 F.3d 1001, 1011-12 (10th Cir. 2012); *Estate of DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1342 (10th Cir. 2007)).   Here, Plaintiff makes the conclusory allegation that Defendants imposed his classification "without good cause," i.e., not in furtherance of a legitimate penological interest. On the other hand, he makes no allegations implicating the second, third, and fourth factors.   The *DiMarco* factors thus weigh heavily against a finding that Plaintiff's classifications to level 5 and 6 violated his Eighth Amendment protections.

Last, Plaintiff's allegations that an officer "gassed" him during a medical emergency on the first night of his placement in security level 5 implicate the exhaustion requirement in 42 U.S.C. § 1997e(a).   These allegations may state claims against the unnamed guard for denial of medical treatment, and possibly for use of excessive force, under the Eighth Amendment.   *See, e.g., Escobar v. Zavaras*, No. 97-1303, 1998 WL 314303, at *3 n. 2 (10th Cir. June 2, 1998) (discussing differing standards for medical claims and excessive force claims).   In the complaint, Plaintiff states that he has sought administrative relief on his claims and attaches exhibits in support of this assertion.   His exhibits, however, make no mention of the alleged "gassing" incident.   Because Plaintiff's exhibits contradict an assertion of exhaustion of remedies as to this claim, he will be required to show cause why his Eighth Amendment claim for being "gassed" should not be dismissed for failure to exhaust available administrative remedies.   *See Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007); *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir.

4

2007).   Failure to respond to this Order and show cause may result in dismissal of the complaint.

IT IS THEREFORE ORDERED that Plaintiff's Eighth and Fourteenth Amendment claims against the named Defendants arising from his security level classifications and segregation are DISMISSED; the named Defendants are DISMISSED as parties to this action; and, within twenty-one (21) days from entry of this Order, Plaintiff may file a response identifying the unnamed officer and showing cause, if any, why his "gassing" claim against the officer should not be dismissed for failure to exhaust available administrative remedies.

_____
UNITED STATES DISTRICT JUDGE